# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0574, <u>State of New Hampshire v. Danielle T. Walker</u>, the court on November 13, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Danielle T. Walker, appeals her conviction, following a bench trial in Circuit Court (<u>Greenhalgh</u>, J.), on one misdemeanor count of willful concealment theft. <u>See</u> RSA 637:3-a, II (2016). She argues that the trial court erred by admitting a surveillance video as evidence without proper authentication. <u>See</u> <u>N.H. R. Ev.</u> 901. We affirm.

"We review a trial court's decision on the admissibility of evidence under our unsustainable exercise of discretion standard." <u>State v. Letarte</u>, 169 N.H. 455, 461 (2016). "In applying our unsustainable exercise of discretion standard of review, we determine only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made." <u>Id</u>. (quotation omitted). "Our task is not to determine whether we would have found differently, but is only to determine whether a reasonable person could have reached the same decision as the trial court on the basis of the evidence before it." <u>Id</u>. (quotations omitted). "For the defendant to prevail under this standard, [she] must demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of [her] case." <u>Id</u>. (quotation omitted).

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." <u>N.H. R. Ev.</u> 901(a). This requirement may be satisfied by, for example, offering "[t]estimony that an item is what it is claimed to be," by a witness with knowledge of the item. <u>N.H. R. Ev.</u> 901(b)(1). Additionally, when the proffered item relates to a process or system, it may also be authenticated by, for example, offering "[e]vidence describing [the] process or system and showing that it produces an accurate result." <u>N.H. R. Ev.</u> 901(b)(9). "The bar for authentication of evidence is not particularly high." <u>State v. Stangle</u>, 166 N.H. 407, 409 (2014) (quotation omitted). "The proof necessary to connect an evidentiary exhibit to a defendant may be made by circumstantial evidence." <u>Id</u>. (quotation omitted). "The proponent need not rule out all possibilities inconsistent with authenticity, or prove beyond any doubt that the evidence is what it purports to be." <u>Id</u>. (quotation and ellipses omitted). "Instead,

the contested evidence, if otherwise relevant, should be admitted once a prima facie case has been made on the issue of authentication." Id. (quotation and brackets omitted).

In this case, the surveillance video at issue showed the defendant failing to scan several items at a store's self-checkout register. An asset protection investigator employed by the store noticed the defendant's actions in-person, observing that while the defendant scanned some items, she failed to scan others — by, for example, orienting the barcodes such that they would not be detected when passed through the scanner, by manually entering the wrong quantity of produce items, or by simply not removing an item from her cart to be scanned. Thereafter, when the defendant departed the store without paying for the items that had not been scanned, the asset protection investigator approached and detained her until police arrived.

In addition to his testimony regarding his direct observation of these events, the asset protection investigator also offered testimony to authenticate the surveillance video. He explained, among other things, that he is familiar with the store's surveillance system and how it operates; that it records what is occurring in the store to a "DVR unit" which is only accessible to him and members of management; that he accessed and made a copy of the surveillance video in connection with this case; that he submitted that copy, along with a report, to the local police department; that the disc containing the surveillance video which was offered as evidence is the same disc that he had prepared and submitted to the police; and that the video depicted the defendant, and was a true and accurate representation of the events involving the defendant that he had investigated that day. Additionally, the responding police officer testified that, among other things, when she arrived at the store she spoke with both the asset protection investigator and the defendant; that, within a few days, the asset protection investigator provided her with a disc containing a copy of the surveillance video; that she reviewed the video shortly after receiving it; and that, when she reviewed it again the day before trial, the disc and video were the same as those initially provided to her by the asset protection investigator.

Although the defendant argues that the surveillance video was not properly authenticated because the asset protection investigator "did not offer any testimony describing the maintenance, operation, or viewing process related to the security system," and because "he did not explain how the security system created the original video before transferring it to a disc," we disagree. As set forth above, "[t]he bar for authentication of evidence is not particularly high," Stangle, 166 N.H. at 409 (quotation omitted), and the State need only "produce evidence sufficient to support a finding that the item is what the [State] claims it is," N.H. R. Ev. 901(a). Here, the State adduced ample evidence demonstrating that the surveillance video is what the State claimed it to be, including, especially, the testimony of the asset protection investigator who not only had knowledge of the video and the store's surveillance system, see N.H. R. Ev.

2

901(b)(1), but also directly observed and independently testified to the defendant's actions that had been captured on the video. "Any concerns that the defendant had regarding the surveillance procedures, and the method of storing and reproducing the video material, were properly the subject of cross-examination and affected the weight, not the admissibility, of the video." Stangle, 166 N.H. at 413 (quotation omitted). Here, as in Stangle, the defendant was given the opportunity on cross-examination to explore any potential technical problems with the surveillance system and video, but she declined to do so. Accordingly, based upon our review of the record, we conclude that the trial court did not unsustainably exercise its discretion when it ruled that the surveillance video had been properly authenticated, and admitted it as evidence. See Letarte, 169 N.H. at 461.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**